Raymond Harold **HANLEY**, Plaintiff,

v.

Terry **STEWART**, et al., **Defendants.**

No. Civ. 96–2567–PHX–ROS.

United States District Court,
D. Arizona.

Sept. 30, 1998.

Raymond Harold Hanley, Florence, AZ, pro se.

Darrin J. DeLange, Arizona Atty. General's Office, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

Pending before the Court is Plaintiff's Amended Motion to Vacate Judgment Pursuant to Rule 59 (Doc. No. 12). For the reasons set forth below, the motion will be denied.

## BACKGROUND

On November 19, 1996, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 and paid the $120.00[1] filing fee in full. Plaintiff was then, and is now, a prisoner confined in the Arizona State Prison Complex in Florence, Arizona. Named as Defendants in the Complaint were: Terry Stewart, Director of the Arizona Department of Corrections (ADOC); Samuel Lewis, former Director of the ADOC; and Travis Badgett, Assistant Deputy Warden. Plaintiff alleged that he was denied access to the courts because the Defendants' policy of no access to a law library and "incompetent" legal assistants and law clerks caused him to file an inadequate supplement to his court-appointed attorney's *Anders* appellate brief. Plaintiff asserted that this alleged denial of access prevented him from presenting additional federal constitutional claims in future proceedings. Plaintiff sought damages in the amount of $50,000.00 per year for each year of his sentence.

On December 18, 1996, prior to service of process, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A[2] and dismissed the action on its own motion. The Court found that because Plaintiff was represented by court-appointed counsel in his criminal appeal, he was provided with constitutionally adequate access to the courts. The Court also noted that Plaintiff was

---

1. The filing fee is set by 28 U.S.C. § 1914(a). The filing fee was raised to $150.00 by the Federal Courts Improvement Act of 1996 which amended 28 U.S.C. § 1914(a), effective December 19, 1996.

2. Section 1915A was enacted as part of the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, 110 Stat. 1321, §§ 801–810 (April 26, 1996).

barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), from claiming that his court-appointed attorney provided ineffective assistance of counsel because a judgment in his favor on that claim would necessarily imply the invalidity of his conviction. The Court held that "Plaintiff's Complaint under 42 U.S.C. § 1983 has no arguable basis in law" and therefore dismissed the action pursuant to 28 U.S.C. § 1915A(b)(1).

On December 24, 1996, Plaintiff filed a motion under Rule 59 of the Federal Rules of Civil Procedure requesting that the judgment be vacated. Plaintiff argued that 28 U.S.C. § 1915A, as applied in his case, violated his constitutional right to due process and equal protection of the laws. Pursuant to 28 U.S.C § 2403(a), the Court certified to the United States Attorney General that the constitutionality of a federal statute was challenged by Plaintiff's motion. The Court also appointed counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), directed Plaintiff to file an amended Rule 59 motion, and requested that the Arizona Attorney General make a special appearance to file a brief in opposition to Plaintiff's motion.

On November 28, 1997, Plaintiff filed an Amended Motion to Vacate Judgment Pursuant to Rule 59. On December 30, 1997, the Arizona Attorney General made a special appearance and filed an Opposition to Plaintiff's Amended Motion to Vacate Judgment and Amicus Brief in Support of the Constitutionality of 28 U.S.C. § 1915A(b)(1). On May 11, 1998, the Court granted the motion by the United States to intervene pursuant to 28 U.S.C. § 2403(a). On May 22, 1998, the United States filed a Memorandum opposing Plaintiff's Rule 59 motion and supporting the constitutionality of 28 U.S.C. § 1915A.

## DISCUSSION

Plaintiff argues that 28 U.S.C. § 1915A, as applied in his case, violates the Equal Protection Clause because it subjects prisoners, but not non-prisoners, to screening and *sua*

*sponte* dismissal of civil complaints filed in federal court. Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) **Definition.**—As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The litigants agree that Plaintiff's Complaint was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). They do not agree, however, on whether the basis for the dismissal was because the Complaint was frivolous or because it failed to state a claim.

### I.  *Basis for the Dismissal*

Plaintiff asserts that "[s]ince the Court recognized that a serious constitutional issue[3] was raised by plaintiff's original Rule 59 motion, it seems . . . likely that the intended basis for dismissal was that the complaint failed to state a claim." (Pl.'s Reply 2.) Plaintiff further asserts that if the basis for the dismissal was frivolousness, "the decision was based on a misunderstanding of the nature of the Complaint." (Pl.'s Reply 1.) The Court disagrees on both counts. The Complaint was dismissed as frivolous and the decision was correct.

---

**3.** In its September 29, 1997 Order the Court stated that "Plaintiff's Motion raises serious questions which require further briefing." The Court did not, however, either state or imply that the underlying action was dismissed for failure to state a claim. Plaintiff's original Rule 59 Motion

raised an issue of first impression involving a challenge to the constitutionality of a newly enacted federal statute. Following a review of the briefs filed by counsel in this case, it now appears that although Plaintiff's Motion raised a "serious question," his claim is without merit.

In his Complaint Plaintiff alleged that the Defendants violated their constitutional duty to provide him with access to the courts. Plaintiff alleged that the Defendants instituted a new policy whereby the old system of providing prisoners with direct access to law books was replaced with a system which assisted inmates with their legal needs only by permitting them to consult with allegedly incompetent law clerks and legal assistants. Plaintiff further alleged that he suffered an actual injury within the meaning of *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), because the Defendants' policy caused him to file an inadequate supplement to his court-appointed attorney's *Anders* appellate brief in his direct criminal appeal thus barring his ability to present additional state and federal claims in future proceedings.

■ The Supreme Court has held that the right of access to the courts requires prison authorities to provide prisoners with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Casey,* 518 U.S. at 356, 116 S.Ct. 2174. Prison officials must, for example, "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The scope of the right of access is, however, very limited. Prisoners are only entitled to "the minimal help necessary" to file non-frivolous legal claims. *Casey,* 518 U.S. at 360, 116 S.Ct. 2174. The Constitution does not require "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." *Id.*

In contrast, under the Sixth Amendment, an indigent criminal defendant has the right to the effective assistance of a court-appointed attorney on his first appeal as of right. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Thus, Plaintiff had more than the right to "minimal help" to pursue his direct criminal appeal, he had the right to the effective assistance of counsel under the Sixth Amendment. Plaintiff concedes that he had a court-appointed attorney, but he argues that "representation by an attorney who files an *Anders* brief on appeal is no representation at all." (Pl.'s Reply 1.)

In *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court set forth the boundaries of court-appointed appellate counsel's duty to further a client's case after determining the appeal to be without merit. *Anders* involved a court-appointed attorney who filed a letter brief informing the court that his indigent client's appeal was frivolous. The request by Anders for appointment of another attorney was denied and his conviction was affirmed. Anders then filed a federal habeas corpus petition claiming a violation of his right to effective assistance of counsel on appeal. The Supreme Court agreed. The Court found that the appellate court affirmed Anders conviction based on "counsel's bare conclusion" that the appeal was frivolous. *Anders,* 386 U.S. at 742, 87 S.Ct. 1396. The Court held that the procedure followed in Anders' appeal was not " 'an adequate substitute for the right to full appellate review available to all defendants.' " *Id.* (quoting *Eskridge v. Washington State Board,* 357 U.S. 214, 215, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958)).

■ The Court then explained the proper procedure for counsel and the court in a direct appeal as of right as follows:

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise

any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders,* 386 U.S. at 744, 87 S.Ct. 1396. The Supreme Court, in *Penson v. Ohio,* explained that "*Anders,* in essence, recognizes a limited exception to the requirement articulated in [*Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)] that indigent defendants receive representation on their fist appeal as of right." *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). As stated recently by the Ninth Circuit Court of Appeals,

> This limited exception recognizes that the Fourteenth Amendment does not demand that a State require that appointed counsel pursue wholly frivolous appeals. ***Anders* and *Douglas* thus set forth the exclusive procedure through which appointed counsel's performance can pass constitutional muster:** Appointed counsel must either provide active and vigorous appellate representation of indigent criminal defendants or, after conducting a conscientious examination of the record and concluding that any appeal would be wholly frivolous, request leave to withdraw and file a brief identifying anything in the record that might arguably support an appeal.

*Robbins v. Smith,* 95–56640, 96–55063, slip op. at 8867–68 (9th Cir. Aug. 13, 1998).

■ If Plaintiff's court-appointed attorney and the Arizona court of appeals complied with the procedures outlined in *Anders,* Plaintiff received all the assistance to which the Constitution entitles him. If, on the other hand, the procedures outlined in *Anders* were not followed, Plaintiff's remedy

was not to seek damages against prison officials for denial of access to the courts; rather, his only recourse was a post-conviction relief petition[4] in state court alleging ineffective assistance of appellate counsel in violation of the Sixth Amendment. To hold otherwise would subject prison officials to liability whenever a prisoner's court-appointed attorney provides ineffective assistance of counsel in a criminal proceeding. This is not the law.

Prison officials could conceivably be found liable if they actually caused appointed counsel to be ineffective by, for example, preventing a prisoner from communicating with his court-appointed counsel during a critical stage of his criminal proceeding. But such a claim for damages against the prison officials would be barred by *Heck v. Humphrey* because it would necessarily imply the invalidity of his conviction. *See Penson,* 488 U.S. at 88–89, 109 S.Ct. 346 (the actual or constructive denial of assistance of counsel is presumed to result in prejudice). A claim for damages could only be asserted if the prisoner could demonstrate that his conviction has been reversed or otherwise invalidated. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Here, Plaintiff affirmatively alleged in his Complaint that his state court appeals were unsuccessful and that he is "barred under the doctrine of procedural default from seeking federal habeas relief." (Compl. 5A.)

In sum, Plaintiff could assert one of two scenarios to explain the facts alleged in his Complaint, neither of which gives rise to a claim for damages against the prison officials named as Defendants. In the first scenario, Plaintiff's court-appointed attorney and the Arizona appellate court complied with the dictates of *Anders* and thereby provided effective assistance of counsel. If the first scenario is correct, Plaintiff received all the assistance to which he is constitutionally entitled.

In the second scenario, *Anders* was not properly followed and the state thereby violated Plaintiff's Sixth Amendment right to the effective assistance of counsel. A finding

---

4. Under Arizona law, Plaintiff was entitled to a court-appointed attorney to help him prepare a post-conviction relief petition asserting his ineffective assistance of appellate counsel claim. *See* Ariz.R.Crim.P. 32.4(c).

that Plaintiff's court-appointed attorney abandoned him in violation of his Sixth Amendment rights would, however, necessarily imply the invalidity of Plaintiff's conviction and would therefore be barred by *Heck.*

■ Because Plaintiff has affirmatively indicated that his conviction has not been overturned, the defects in his Complaint could not have been cured by amendment. The Court correctly held therefore that "Plaintiff's Complaint under 42 U.S.C. § 1983 has no arguable basis in law." The Court's stated basis for the dismissal of Plaintiff's Complaint is the very definition of frivolousness. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("a complaint ... is frivolous where it lacks an arguable basis either in law or in fact"). Accordingly, the only issue properly before the Court, is whether section 1915A(b)(1) violates the Equal Protection Clause in that it subjects prisoners, but not non-prisoners, to screening and *sua sponte* dismissal of frivolous civil complaints.

## II. *Equal Protection*

■ Plaintiff does not allege that the classification inherent in section 1915A(b)(1) is subject to strict scrutiny, nor could he. "Unless a classification trammels fundamental personal rights or is drawn upon inherent suspect distinctions such as race, religion, or alienage, [the Supreme Court's] decisions presume the constitutionality of the statutory discrimination and require only that the classification challenged be rationally related to a legitimate state interest." *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Prisoners are not a suspect class for equal protection purposes. *See Murray v. Dosal,* 150 F.3d 814 (8th Cir.1998); *Roller v. Gunn,* 107 F.3d 227, 233 (4th Cir.), *cert. denied,* — U.S. —, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997); *Pryor v. Brennan,* 914 F.2d 921, 923 (7th Cir.1990). Nor does screening and *sua sponte* dismissal implicate a fundamental right.

Although prisoners have a fundamental right of access to the courts, the right is limited to "bringing contemplated challenges to sentences or conditions of confinement before the courts." *Casey,* 518 U.S. at 356, 116 S.Ct. 2174. A prisoner whose case has been dismissed pursuant to section 1915A(b)(1) has had his case heard and decided by a court and therefore has not been denied access to the courts. *See Id.* 518 U.S. at 360, 116 S.Ct. 2174 ("the Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the courts"). Thus, Section 1915A(b)(1) does not restrict access to the courts.

Rather, the Court is required only to determine whether there is a rational basis for the classification. The Supreme Court instructs that "rational basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness or logic of legislative choices.'" *Heller v. Doe,* 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Instead, the "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

■ As the Ninth Circuit Court of Appeals recently noted in *Madrid v. Gomez,* 150 F.3d 1030, 1041 (9th Cir.1998), "the government's interest [in enacting the PLRA] was apparently to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits." *See also Zehner v. Trigg,* 133 F.3d 459, 463 (7th Cir.1997); *McGann v. Commissioner of Social Sec. Admin.,* 96 F.3d 28, 31 (2nd Cir.1996). Moreover, this legitimate interest is rationally related to the distinction drawn in section 1915A between prisoners and all other litigants bringing suits against the state:

> [I]t is certainly conceivable that, because of significant potential gains and low opportunity costs, prisoners generally file a disproportionate number of frivolous suits as compared to the population as a whole. Such speculation is sufficient for a rational-basis examination; there is no need for evidence or empirical data.

*Madrid,* 150 F.3d at 1041–42 (footnote omitted). It is incontestable that a statute which permits the courts to *sua sponte* dismiss frivolous prisoner claims is rationally related to the government's interest in curtailing frivolous litigation by prisoners. Moreover,

the burden is on Plaintiff " 'to negative every conceivable basis which might support' the legislation." *Madrid,* 150 F.3d at 1042 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)). Because Plaintiff has failed to do so, his equal protection claim fails.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Vacate Judgment Pursuant to Rule 59 (Doc. No. 12) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to withdraw his request to proceed *in forma pauperis* (Doc. No. 13) is GRANTED.