STATE of Wisconsin EX REL. Leslie J. SCHATZ,
Petitioner-Appellant,

v.

Gary R. McCAUGHTRY, Respondent-Respondent.†

Court of Appeals

*No. 01–0793. Submitted on briefs April 17, 2002.—Decided
June 20, 2002.*

2002 WI App 167

(Also reported in 650 N.W.2d 67.)

† Petition to review granted 9-26-02.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of the pro se petitioner-appellant *Leslie J. Schatz*, and the supplemental briefs of *T. Christopher Kelly* of *Kelly & Habermehl, S.C.*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the briefs of *Thomas J. Dawson*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. VERGERONT, P.J. The dispositive issue on this appeal is whether a prisoner's right to procedural due process is violated when, without prior notice and the opportunity to be heard, a circuit court sua sponte dismisses the prisoner's petition for review by certiorari under Wis. Stat. § 802.05(3)(b)4 (1999–2000)[1] for failure to state a claim for relief. We conclude *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 500, 415 N.W.2d 568 (Ct. App. 1987), is controlling on this issue. Following *Sahagian*, we hold that the lack of prior notice and the opportunity to be heard before the circuit court

___

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

dismissed Leslie Schatz's certiorari petition violated his right to due process. We therefore reverse and remand for further proceedings.

## BACKGROUND

¶ 2. Schatz, acting pro se, filed a petition for certiorari review of three disciplinary committee decisions, each finding him guilty of disobeying orders under either WIS. ADMIN. CODE § DOC 303.24(1)(a) or (1)(b) (Register, June 1994, No. 462) based on three different conduct reports. The petition alleged that the evidence did not support the findings of guilt; there were numerous due process violations; an improperly promulgated and inapplicable rule did not cure a deficiency in the notice; the second and third conduct reports were retaliation for his partial success in the outcome of the first conduct report; and the Inmate Complaint Examiner and the advocates are biased because they are employees of the Department of Corrections (DOC). Attached to the petition were various documents relating to the hearings before the disciplinary committee and Schatz's administrative appeals of those decisions.

¶ 3. Before ordering the respondent to file the record, the circuit court reviewed the petition under WIS. STAT. § 802.05(3). Section 802.05(3), part of the Prisoner Litigation Reform Act (PLRA), provides in part:[2]

> (3)(a) A court shall review the initial pleading as soon as practicable after the action or special proceeding is filed with the court if the action or special proceeding is commenced by a prisoner, as defined in s. 801.02(7)(a)2.

---

[2] The PLRA was enacted by 1997 Wis. Act 133.

(b) The court may dismiss the action or special proceeding under par. (a) without requiring the defendant to answer the pleading if the court determines that the action or special proceeding meets any of the following conditions:

1. Is frivolous, as determined under s. 814.025(3).

2. Is used for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation.

3. Seeks monetary damages from a defendant who is immune from such relief.

4. Fails to state a claim upon which relief may be granted.

The court concluded that the petition did not state a claim for relief and dismissed the petition under § 802.05(3)(b)4. With respect to the first conduct report, the court concluded it was filed in circuit court more than forty-five days after the last administrative decision in violation of WIS. STAT. § 893.735. With respect to each of the other two conduct reports, the court concluded that the evidence was sufficient to support the finding of guilt, there were no procedural errors that were not harmless, and the petition did not allege any specific facts showing retaliation.

¶ 4. Schatz appealed the order of dismissal, contending that his rights were violated because he did not have an opportunity to be heard by the court before it dismissed the petition. The State responded that Schatz did not have a right under WIS. STAT. § 802.05(3) to notice and the opportunity to be heard prior to dismissal of his petition.[3] We construed Schatz's first

[3] Schatz also contends on appeal that the circuit court erred in dismissing the petition because the petition adequately

773

argument as challenging the constitutionality of the procedure the court utilized in acting under § 802.05(3). We appointed counsel to further address this issue on Schatz's behalf and asked for supplemental briefing from both parties.[4]

## DISCUSSION

¶ 5. Schatz contends that under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, he is entitled, as a matter of procedural due process, to notice and the opportunity to be heard before his petition for certiorari review is dismissed.[5] He relies primarily on *Sahagian* to support this argument. In Schatz's view, WIS. STAT. § 802.05(3) does not itself violate due process, because it merely authorizes the court to dismiss a pleading without a

alleged due process violations, failure to follow DOC rules, insufficient evidence, and retaliation, but he does not develop these arguments; his focus is the challenge to the procedure the court employed in dismissing the petition.

[4] Schatz proceeded pro se in the circuit court and initially on appeal. We decided to appoint counsel to present supplemental briefing and T. Christopher Kelly graciously agreed to accept this appointment on a pro bono basis. Our order asked the parties to address whether the statute violated Schatz's right to due process or equal protection. We do not address the equal protection issue.

[5] The Due Process Clause in article I, section 1 of the Wisconsin Constitution is "substantially the equivalent" to the Due Process Clause of the United States Constitution, *Martin v. Richards*, 192 Wis. 2d 156, 198 n.6, 531 N.W.2d 70 (1995); therefore the analysis is the same under the Wisconsin Constitution.

responsive pleading; it neither requires nor authorizes the court to do so without giving the prisoner notice and an opportunity to be heard. However, Schatz continues, if a court is considering sua sponte dismissal of a pleading under § 802.05(3), the Due Process Clause requires that the court must first give the prisoner notice of the possible grounds for dismissal and the opportunity to be heard.

¶ 6. The State responds that *Sahagian* is distinguishable because of the different procedural posture of that case. According to the State, due process does not entitle Schatz to an opportunity to be heard before his petition is dismissed because there are adequate procedural safeguards against erroneous dismissals, such as a motion for reconsideration in the circuit court, either with or without moving to amend the pleadings under WIS. STAT. § 802.09(1), a motion for relief from judgment under WIS. STAT. § 806.07, and the opportunity for an appeal. The State relies on *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001), *cert. denied,* 122 S. Ct. 274 (2001), and urges us to follow this case, which it characterizes as the majority view in the federal courts.[6]

---

[6] The federal statute at issue in *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001), *cert. denied,* 122 S. Ct. 274 (2001), is 28 U.S.C. § 1915(e)(2), which provides that once a district court has allowed a plaintiff to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that ... (B) the action ... (ii) fails to state a claim on which relief may be granted." *Curley,* 246 F.3d at 1283 n.1. The court held that "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts" because the plaintiff "has not been prevented from bringing a meritorious claim" and there are "adequate procedural safeguards to

¶ 7. We consider first the proper construction of WIS. STAT. § 802.05(3), which presents a question of law, which we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). As with all questions of statutory construction, we start with the language of the statute itself, and if it is free from ambiguity, we apply that language to the facts at hand. *Id.* at 406. The plain language of the statute does two things: (1) requires the court to review the initial pleading "as soon as practicable," § 802.05(3)(a); and (2) authorizes the court to dismiss the action or special proceeding without requiring the defendant to answer if it determines the action or special proceeding meets one of certain specified conditions, § 802.05(3)(b). We agree with Schatz—and the State does not argue otherwise—that the statute simply does not address whether the court must provide the prisoner with notice and the opportunity to be heard before it dismisses an action or special proceeding on one of the specified grounds. We agree with the State that the evident purpose of authorizing a court to dismiss a prisoner's initial pleading on certain specified grounds before the defendant answers is to reduce the number

---

avoid erroneous dismissals." *Id.* at 1284. The court in *Curley* also appears to rely on a harmless error analysis:

> The lack of prior notice of a sua sponte dismissal with prejudice for failure to state a claim is harmless when, as here, the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies.

*Id.* The court upheld the dismissal because it agreed with the district court that the complaint did not state a claim and amendment would be futile. *Id.*

of actions in which defendants must answer a pleading that does not meet certain criteria. However, that purpose does not indicate the legislature's intent with respect to the procedure the court is to follow vis-à-vis the prisoner.

■

¶ 8. Since the statute neither requires nor authorizes a court to dismiss an initial pleading under WIS. STAT. § 802.05(3) without first giving the prisoner notice and an opportunity to be heard, we next consider whether the Due Process Clause requires this procedure. In *Sahagian,* we addressed this issue at a somewhat different stage of the proceeding on a petition for certiorari review of a prison disciplinary decision. In *Sahagian,* decided well before the enactment of § 802.05(3), the circuit court had apparently ordered the respondent to file the record of the disciplinary proceedings with the court, and the respondent filed the record. *Sahagian,* 141 Wis. 2d at 497. The circuit court then issued a decision affirming the disciplinary committee's decision after concluding that the procedural regulations had been followed and there was substantial evidence to support the finding of guilt. *Id.* In response to the prisoner's argument that he should have had the opportunity to "present his case" before the court made its decision, we stated:

> We . . . address the merits of Sahagian's argument because the error of the trial court is one which could easily be repeated when an inmate seeks review by certiorari of the decision of a disciplinary or program review committee. "[W]hen the rights or interests of a person are sought to be affected by judicial or quasi-judicial decree, due process requires that the individual be given notice reasonably calculated to inform the person of the pending proceeding and to afford him or

her an opportunity to object and defend his or her rights." *In Matter of Estate of Fessler*, 100 Wis. 2d 437, 447, 302 N.W.2d 414, 419 (1981). " 'The fundamental requisite of due process of law is the opportunity to be heard.' The hearing must be 'at a meaningful time and in a meaningful manner.' " *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted).

Confusion may have arisen in this case because Sahagian's petition for the writ of certiorari set forth comprehensively what he viewed to be the facts and his position with respect to those facts and the action taken by the disciplinary committee and Young. However, since a writ of certiorari is not a writ of right but rather is one which is discretionary[7] with the court, *State ex rel. Damerow v. Behrens*, 11 Wis. 2d 426, 429, 105 N.W.2d 866, 868 (1960), a petitioner must make it appear to the court that (1) there has been some error committed, (2) the error has caused substantial harm, and (3) the petitioner has not been guilty of laches in seeking a remedy. The petition for the writ is not, however, the full development of the petitioner's position. If an inmate petitioner is limited to his or her petition for certiorari, the inmate has not been given an opportunity to be heard at a meaningful time in a meaningful manner. Because Sahagian was denied the right to be heard at a meaningful time in a meaningful manner we reverse and remand the case to the trial court to afford him that opportunity. The trial court

---

[7] In *State ex rel. Luedtke v. Bertrand*, 220 Wis. 2d 574, 580–81, 583 N.W.2d 858 (Ct. App. 1998), *aff'd by an equally divided court,* 226 Wis. 2d 271, 594 N.W.2d 370 (1999), we clarified that we used "discretionary" in *Sahagian* to refer to the circuit court's ultimate decision on certiorari, and it did not mean that the court was to employ a discretionary standard in determining whether a certiorari petition states a claim for relief.

> need not accord Sahagian oral argument in order to satisfy his due process right to be heard in a meaningful manner.

*Sahagian*, 141 Wis. 2d at 500–01 (footnote added).

¶ 9. The State argues that our ruling in *Sahagian* is inapplicable in this case because in *Sahagian* "[i]t was presumed . . . that the petition stated a claim" and the circuit court was ruling on the merits of the case after the record had been filed. We see no indication that our due process analysis in *Sahagian* depended upon the assumption that the petition stated a claim for relief; moreover, we see no logical reason why such an assumption or the fact of the record return makes a meaningful difference in the correct analysis. In both this case and *Sahagian*, the petitioners filed petitions for review by certiorari challenging disciplinary decisions, and the circuit courts, in the absence of a responsive pleading and without first providing the petitioners with the opportunity to be heard, decided the petitioner was not entitled to any relief. The State does not explain why the opportunity to be heard is constitutionally required before a decision on the merits of the petition after considering the record, but not required before a decision on whether the petition states a claim for relief. In both cases the petitioners have had their court actions terminated without the opportunity to fully develop their positions. The difference seems particularly meaningless since Schatz has attached to his petition copies of all the essential documents related to the disciplinary hearings and the administrative reviews, and the circuit court here considered these documents in making its decision that the petition did not state a

claim for relief.[8] In short, we can see no meaningful distinction between the relevant facts in *Sahagian* and the relevant facts in this case, and no principled reason why our analysis in *Sahagian* does not apply here.

¶ 10. The State also argues that under a line of Wisconsin cases based on the United States decision in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632 (1962), constructive notice, rather than actual notice, prior to dismissal of an action may be adequate for due process purposes. According to the State, Wis. Stat. § 802.05(3) provides constructive notice of the consequences of filing a pleading that does not state a claim for relief. We do not agree that this line of cases is applicable.

¶ 11. In *Link*, the Court affirmed the dismissal of an action based on the district court's determination that neither the party nor counsel had appeared at a pretrial conference, there was no reasonable excuse, and the record showed a failure to prosecute extending over five years. *Link*, 370 U.S. at 633. The district court dismissed the action sua sponte and without prior

---

[8] Under Wis. Stat. § 801.02(7)(c), also part of the PLRA, a prisoner must include as part of the initial pleading documentation showing that the prisoner has exhausted all available administrative remedies. This documentation must include copies of all written materials that the prisoner has provided to the administrative agency, and all written materials the agency has provided to the prisoner related to the administrative proceeding, § 801.02(7)(c). The practical effect is that when a prisoner files a petition for certiorari review of a disciplinary or other agency decision, copies of most, if not all, of the essential documents of the record of the administrative proceeding will be attached to the petition. As a result, the materials that are now considered when analyzing a prisoner's petition for certiorari review to determine whether it states a claim would seem in many cases to be the same as those considered when analyzing the merits of the action after a review of the record.

notice to the party or counsel. The Court first determined that district courts have inherent authority to dismiss cases for failure to prosecute in the absence of a motion. *Id.* at 630–31. It then stated:

> It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.

*Id.* at 632 (citation omitted). The Court concluded that, given the long history of failure to prosecute, the party was not entitled to notice and the opportunity to be heard before dismissal. *Id.* at 633–35.

¶ 12. The Wisconsin Supreme Court applied *Link* in *Neylan v. Vorwald*, 124 Wis. 2d 85, 90, 368 N.W.2d 648 (1985), the Wisconsin case on which the State primarily relies.[9] In this case the circuit court dismissed an action sua sponte and without notice for failure to

---

[9] In an earlier Wisconsin case discussing *Link*, the court in *Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 315–16, 127 N.W.2d 225 (1964), held the circuit court had erred in dismissing sua sponte an action for failure to appear at a pretrial conference without notice and a hearing. The court reasoned that, while the local rule required attendance at pretrial conferences and the notice stated that no adjournment would be allowed without consent of the court, neither advised of the consequences of failure to attend. *Id.* at 313–14, 316. In the absence of such a warning, the court concluded, a hearing should have been held on the imposition of a penalty. *Id.* at 316.

prosecute. The supreme court concluded that because the current statute on dismissal for failure to prosecute did not supply constructive notice of the consequences of failure to prosecute, actual notice was required. *Id.* at 90. However, it observed that a previous version of the statute had provided constructive notice sufficient for due process protection because it authorized the court to dismiss an action without notice if the case had not been brought to trial within five years of commencement. *Id.* at 92.

¶ 13. We do not agree with the State that the statute providing constructive notice in *Neylan* is an apt analogy to WIS. STAT. § 802.05(3). There is no question when five years from the filing of an action occurs. Thus, under the earlier statute referenced in *Neylan*, there was no question of what conduct would result in dismissal without notice. However, the determination of whether a pleading states a claim for relief depends upon a consideration of various legal authorities and principles of law, and reasonable people who are knowledgeable in the law do not always arrive at the same determination. More importantly for our purposes, the conclusion of whether a pleading states a claim for relief may depend upon the particular arguments made and authorities cited, but the litigant does not know what those will be when the court undertakes a sua

---

The court rejected the argument that no notice was necessary because counsel should have had notice of his conduct. *Id.*

In a later Wisconsin case, the court held that the litigant had been provided actual advance notice by the court that it would consider dismissing the case for particular reasons at the next hearing and the party had the opportunity to argue against dismissal at the hearing. *B&B Invs. v. Mirro Corp.*, 147 Wis. 2d 675, 683–84, 434 N.W.2d 104 (Ct. App. 1988).

sponte analysis without giving notice of that. As we stated in *Sahagian,* a petition for certiorari does not need to contain a full development of the petitioner's claim. *Sahagian,* 141 Wis. 2d at 500–01; *see also State ex rel. Adell v. Smith,* 2001 WI App 168, ¶¶ 5–7, 247 Wis. 2d 260, 633 N.W.2d 231 (civil pleading, including petition for certiorari review, need not define issues or state detailed facts). Section 802.05(3)(b)4 simply does not provide notice of the type of "conduct" that will result in dismissal with sufficient specificity to make it an adequate substitute for the opportunity to argue to the court that the pleading states a claim for relief.

¶ 14. We conclude that *Sahagian* is controlling and that due process requires that Schatz have a meaningful opportunity to be heard prior to dismissal of his petition for certiorari review for failure to state a claim. As in *Sahagian,* we clarify that the opportunity to be heard does not require oral argument.[10]

*By the Court.*—Order reversed and cause remanded.

---

[10] Since we conclude that *Sahagian* controls and requires that Schatz be provided notice and an opportunity to be heard before his petition for certiorari review is dismissed, we are not at liberty to follow *Curley,* as the State urges us to do. However, we observe that although the State characterizes *Curley* as representing the majority view among the federal courts, the six cases cited in *Curley* as representing a majority view, *see* 246 F.3d at 1283–84, do not fully support that contention. Only one of those six actually decides that sua sponte dismissal without prior notice and the opportunity to be heard does not violate due process: *Constant v. United States,* 929 F.2d 654, 657 (Fed. Cir. 1991) (sua sponte dismissal of a complaint without notice and the opportunity to be heard does not violate due process, where complaint had previously been decided to be untenable as a matter of law and without prospect that additional proceedings would entitle the claimant to prevail). In three of the cases

cited, a due process argument is made, but the courts do not address it: *Christiansen v. Clarke,* 147 F.3d 655, 657–58 (8th Cir. 1998) (deciding that 28 U.S.C. § 1915(e)(2)(B)(ii) survives equal protection rational basis scrutiny, but not taking up due process challenge); *Bilal v. Kaplan,* 956 F.2d 856, 857 (8th Cir. 1992) (affirming district court's denial of motion for relief from judgment under FED. R. CIV. P. 60(b) on grounds that plaintiff's due process challenge to sua sponte dismissal of complaint after identical complaint had been dismissed did not come within any of the provisions of the rule); and *Hanley v. Stewart,* 21 F. Supp. 2d 1088, 1090, 1093 (D. Ariz. 1998) (holding that dismissal under 28 U.S.C. § 1915A of complaint that is frivolous does not violate equal protection under rational basis scrutiny). In *Baker v. Director, U.S. Parole Commission,* 916 F.2d 725, 726 (D.C. Cir. 1990), the court holds that district courts have the authority to dismiss a complaint sua sponte under FED. R. CIV. P. 12(b)(6) (the counterpart to WIS. STAT. § 802.06(2)(a)6) without notice where the claimant cannot possibly win relief, but the court does not discuss the requirements of due process. Finally, *Martin v. Scott,* 156 F.3d 578, 580 n.2 (5th Cir. 1998), addresses the right of access to courts under 28 U.S.C. § 1915A.

Thus, we think a more accurate summary of the cases cited in *Curley* is that the two circuits that actually decide a due process challenge to the dismissal of a complaint without prior notice and the opportunity to be heard come to opposing conclusions: *Constant,* 929 F.2d at 657, and *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526 (11th Cir. 1983) (cited in *Curley,* 246 F.3d at 1284, as representing the minority view; holding that even if a claim ultimately has no merit, a party who brings a claim in good faith has a due process right to litigate the claim, and reversing because the district court dismissed the action sua sponte without providing the opportunity to respond, present argument, and amend the complaint). *See also* the more recent Eleventh Circuit case, *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324–25 (11th Cir. 2001), *cert. denied,* 122 S. Ct. 1449 (2002), in which the court reviewed a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows the district court to sua sponte dismiss, before service of process, the complaint of a plaintiff proceeding *in forma paup-*

*eris* if it fails to state a claim for relief. The court held that plaintiff's right to due process was not violated by a magistrate's report recommending dismissal without first giving him the opportunity to be heard because he was given the opportunity to object to the report before the district court entered its final order. *Id.* at 1324–25.

Our own research discloses no other federal court of appeals cases analyzing and deciding whether due process requires notice and the opportunity to be heard before a court sua sponte dismisses a complaint for failure to state a claim for relief. However, there are many federal cases, like *Baker*, that decide whether the district court has either statutory or inherent authority to dismiss a complaint sua sponte without prior notice and the opportunity to be heard. On this issue, most circuits hold that district courts should not dismiss without the opportunity to be heard, but also hold it is not reversible error if the complaint is patently meritless and amendments clearly could not cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 36–37 (1st Cir. 2001); *Giano v. Goord*, 250 F.3d 146, 151 (2nd Cir. 2001) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000) (applying its ruling in *Baker* to 28 U.S.C. § 1915A(b)(1), the federal counterpart to WIS. STAT. § 802.05(3); explaining that "the claimant cannot possibly win relief" means that "the facts alleged affirmatively preclude relief" or, if the claimant has facts to add to the complaint, the claimant still "would not have a claim upon which relief could be granted even with those facts"; and concluding that, although the complaint failed to state a claim, the district court erred in dismissing it without leave to amend); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); and *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283, 287 (5th Cir. 1984), *overruled on other grounds, Victorian v. Miller*, 813 F.2d 718, 719 (5th Cir. 1987). In contrast, the Sixth Circuit has required, under its supervisory powers, that district courts give notice to the parties of its sua sponte intent to dismiss a complaint and the opportunity to either amend or respond to

the court's stated reasons for dismissing; and the court has reversed solely on the basis of the district court's failure to give notice of the proposed dismissal. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983) (discussing dismissal of case on the merits); *Morrison v. Tomano*, 755 F.2d 515, 517 (6th Cir. 1985) (per curium) (discussing *Tingler* and its application to a dismissal for failure to state a claim). However, the Sixth Circuit has decided that 28 U.S.C. § 1915(e)(2) of the federal PLRA removes from the courts the discretion to permit a plaintiff to amend a complaint to avoid sua sponte dismissal where the plaintiff is proceeding *in forma pauperis. Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

The court in *Curley* does not appear to distinguish between cases analyzing whether due process requires notice and the opportunity to be heard before a sua sponte dismissal, on the one hand, and, on the other hand, cases analyzing whether district courts have the authority to dismiss sua sponte without notice and the opportunity to be heard, and the conditions under which the circuit courts in their supervisory capacity allow the district courts to do so.