Thomas J. WOZNICKI, Plaintiff-Appellant,

v.

Dennis W. ERICKSON, Assistant District Attorney,
Defendant-Respondent.†

Court of Appeals

*No. 94–2795. Submitted on briefs February 28,
1995.—Decided March 21, 1995.*

(Also reported in 531 N.W.2d 465.)

†Petition to review granted.

711

For the defendant-appellant, the cause was submitted on the briefs of *Catherine R. Quiggle* of *Rodli, Beskar, Boles, Krueger, S.C.* of River Falls.

For the defendant-respondent, the cause was submitted on the brief of *Dennis Erickson*, assistant district attorney.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Thomas Woznicki appeals the trial court's denial of his request for a temporary injunction prohibiting the St. Croix County District Attorney from releasing his personnel and telephone records, which are in the district attorney's custody. Woznicki contends that the district attorney does not have the discretion to release these records. Because we conclude that personnel records are an exception to the public records law and that Woznicki's telephone records are private records, we reverse the trial court's order.

In April 1994, Woznicki was charged with having consensual sex with a minor over the age of sixteen in violation of § 948.09, STATS. A criminal investigation ensued, by which the St. Croix County District Attorney's office subpoenaed Woznicki's complete personnel file from his employer, the New Richmond School District, and his personal telephone records.

In July 1994, the district attorney dismissed the case against Woznicki. Subsequently, Woznicki moved the trial court for an order prohibiting the district attorney from releasing his personnel and telephone records. The trial court denied this motion based on the premise that as custodian of the records, the district attorney had sole discretion to decide whether to release them.

After the trial court's order denying Woznicki's motion, the district attorney notified him that there had been two requests for his criminal investigation file, which included the records in question. The district attorney informed Woznicki that he intended to release this file.

713

Consequently, Woznicki moved the trial court for a temporary injunction prohibiting the district attorney from releasing his personnel and telephone records. The trial court denied the motion for a temporary injunction, but ordered that if Woznicki filed an appeal, the district attorney would be enjoined from releasing the records until the issue is resolved. Woznicki appeals the trial court's decision denying his motion for a temporary injunction.

Our analysis of the district attorney's custodial discretion as to the release of Woznicki's records involves an analysis of the public records statute, § 19.35, STATS. Thus, the issue in this case involves application of a statute to undisputed facts, a question of law that this court reviews independently of the trial court's determinations. *State v. Williams*, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601, 604-05 (1981). Furthermore, a claim that an otherwise authorized procedure violates public policy raises issues of law that we determine independently from the trial court. *See Enright v. Board of Sch. Directors*, 114 Wis. 2d 124, 127, 338 N.W.2d 114, 116 (Ct. App. 1983), *aff'd,* 118 Wis. 2d 236, 346 N.W.2d 771 (1984).

There is a presumption that the public has the right to inspect public records unless there is an exception. *State ex rel. Richards v. Foust,* 165 Wis. 2d 429, 433, 477 N.W.2d 608, 609 (1991). Our supreme court articulated the rule as:

> [T]he general presumption of our law is that public records shall be open to the public unless there is a clear statutory exception, unless there exists a limitation under the common law, or unless there is an

714

overriding public interest in keeping the public record confidential.

*Hathaway v. Joint Sch. Dist. No. 1*, 116 Wis. 2d 388, 397, 342 N.W.2d 682, 687 (1984). This assessment is consistent with the pertinent statute, § 19.35(1), STATS.[1]

Woznicki contends that the trial court's decision allowing the district attorney to release his public employee records is contrary to law because it violates public policy against disclosure of public employee personnel records. We agree.

██

Although not subject to a distinct statutory exception, the nondisclosure of personnel records of public employees has been recognized as an exception to the open records laws via a public policy analysis. *Village of Butler v. Cohen,* 163 Wis. 2d 819, 829-30, 472 N.W.2d 579, 583 (Ct. App. 1991). In *Cohen,* we illustrated the legislature's repeated recognition of public employee's personnel files as protected by analyzing the open meeting law statute, § 19.85, STATS., which restricts access to information regarding public employee personnel issues. *Id.*

---

[1] Section 19.35(1), STATS., states:

(a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.

Furthermore, our analysis turns on the subject of the nature of the records, not the custodian. Although there is a well-established principle that a legal custodian has wide discretion whether to release files, *State ex rel. Bilder v. Delavan,* 112 Wis. 2d 539, 558, 334 N.W.2d 252, 262 (1983),[2] we conclude that this principle does not override the public policy exception of the nondisclosure of public employee personnel files. Had Woznicki's file been in the custody of the school district, the requestors could not have obtained them. It stands to reason that the requestors cannot obtain these personnel files from another custodian, in this case the district attorney, who obtained these records solely because of his extraordinary police power.

Next, Woznicki contends that his telephone records, which were part of the district attorney's files, are also protected from disclosure because he has an expectation of privacy in telephone conversations conducted in his home. The trial court concluded that whether Woznicki's telephone records should be disclosed is best left to the discretion of the district attorney. We conclude that Woznicki's telephone records are not subject to the open records laws, due to the private nature of these records.

Once again our analysis turns on the nature of the records, not the custodian. First, telephone records are not public "records" under the public access laws. Sec-

---

[2] The majority of appellate decisions on issues relating to access and disclosure of public records are in the context of a custodian refusing access to records and the requestor seeking judicial relief to compel disclosure. *See, e.g., Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 279 N.W.2d 179 (1979); *Beckon v. Emery*, 36 Wis. 2d 510, 153 N.W.2d 501 (1967).

tion 19.32(2), STATS.,[3] defines "record" as any material in which information is recorded, preserved or created and kept by an "authority." *Journal/Sentinel, Inc. v. School Bd. of Shoreword,* 186 Wis. 2d 443, 451, 521 N.W.2d 165, 169 (Ct. App. 1994). Section 19.32(1)[4] generally defines "authority" as a public agency, board or governmental corporation. *Id.*

██

Clearly, a private telephone company does not fall under the definition of authority for purposes of the statute because telephone companies are not public entities. Furthermore, the district attorney does not dispute that the telephone company is a private entity and that an individual cannot go to the telephone company and procure a person's record. The only reason the district attorney had Woznicki's telephone records is because of the district attorney's extraordinary police power.

██

Thus, our examination of Woznicki's telephone records is analogous to the nondisclosure of Woznicki's personnel files, in that, although the district attorney

---

[3] Section 19.32(2), STATS., states in relevant part:

"Record" means any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority. "Record" includes, but is not limited to, handwritten, typed or printed pages, maps, charts, photographs, films, recordings, tapes (including computer tapes), computer printouts and optical disks.

[4] Section 19.32(1), STATS., states in pertinent part:

"Authority" means any of the following having custody of a record: a state or local office, elected official, agency, board, commission, committee, council, department or public body corporate and politic created by constitution, law, ordinance, rule or order; a governmental or quasi-governmental corporation . . . .

has custody of Woznicki's telephone records pursuant to a subpoena, the district attorney does not have the discretion to release these records. However, a determination whether Woznicki's telephone records fall under an exception to public records disclosure is unnecessary, as the telephone records are private records in the first instance.

We therefore reverse the trial court's order as to Woznicki's personnel and telephone records and remand to the trial court to grant Woznicki's motion for an injunction.

*By the Court.*—Order reversed and cause remanded.