Arlo M. Tratz, Petitioner-Appellant,

v.

Sharon K. Zunker, Respondent-Respondent.

Court of Appeals

*No. 95–1054. Submitted on briefs September 8, 1995.—Decided April 25, 1996.*

(Also reported in 550 N.W.2d 141.)

776

For the petitioner-appellant the cause was submitted on the brief of *Arlo M. Tratz*, pro se, of Green Bay.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Laura Sutherland*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.  Arlo Tratz is an inmate at Green Bay Correctional Institution (GBCI). He appeals from an order dismissing his action for mandamus brought under the Open Records Law, §§ 19.31-19.39, STATS., against Sharon Zunker, Director of the Bureau of Health Services, in the Department of Corrections. We reverse and remand with directions to grant the relief that Tratz seeks and $100 costs.

Tratz requested copies from Zunker of records, reports or written notes of any kind that she received or made concerning his complaint he had filed under the Inmate Complaint Review System (ICRS) at GBCI that documents in his medical file had been altered and forged. He stated in his request that he asked the inmate complaint investigator for copies of her

777

investigation records but those records had been sent to Zunker. Zunker responded that because the investigation was a personnel matter and personnel records are confidential, and because ICRS complaints are confidential, she would not release the material to Tratz. He sought mandamus, the trial court dismissed his action and he appeals.

The issues on appeal are whether Tratz must exhaust his administrative remedies under the ICRS, whether Zunker adequately specified her reasons for denying his open records request, whether Tratz has a right to the requested records, and, whether, if he prevails, he is entitled to damages of not less than $100 under § 19.37(2)(a), STATS. All of the issues raise questions of law which we review de novo.

The exhaustion of administrative remedies doctrine prevents the courts from reviewing errors claimed to have been made by the department of corrections when the ICRS may be used to correct those errors. *Casteel v. McCaughtry*, 168 Wis. 2d 758, 773, 484 N.W.2d 579, 585 (Ct. App. 1992), *aff'd in part, rev'd in part on other grounds*, 176 Wis. 2d 571, 500 N.W.2d 277 (1993). However, that doctrine does not apply to Tratz's request to Zunker.

The purpose of the ICRS is to provide inmates in adult institutions a process by which grievances may be expeditiously raised, investigated and decided. WIS. ADM. CODE § DOC 310.01(1). Complaints regarding inmate health care may be filed with the ICRS. WIS. ADM. CODE § DOC 310.04(3)(d).

However, nothing in WIS. ADM. CODE § DOC 310.04(3)(d), or any other part of WIS. ADM. CODE ch. DO

C 310, Complaint Procedures, pertains to Tratz's request that Zunker provide him with copies of written material she received or made regarding his complaint that documents in his medical file had been altered or forged. For Tratz to file a complaint with the ICRS to obtain those copies therefore would have been futile. Consequently, the exhaustion doctrine does not apply to his request. *See Benson v. Gates*, 188 Wis. 2d 389, 401, 525 N.W.2d 278, 284 (Ct. App. 1994) (exhaustion not required when pursuit of administrative remedies would be futile).

A strong presumption exists that the public may inspect public records. *State ex rel. Richards v. Foust*, 165 Wis. 2d 429, 433, 477 N.W.2d 608, 609-10 (1991). The presumption is that a public record is open to all unless a clear statutory exception or a limitation under the common law or an overriding public interest exists in keeping the record confidential. *Hathaway v. Joint School Dist. No. 1*, 116 Wis. 2d 388, 397, 342 N.W.2d 682, 687 (1984). Our many open records decisions demonstrate that inmates in correctional institutions are entitled to access to public records under the law and therefore to the benefits of that presumption.[1]

Complaints filed with the ICRS are confidential, WIS. ADM. CODE § DOC 310.13(1), but Tratz is the

---

[1] From and after April 4, 1996, this is no longer completely true because an amendment to § 19.32(3), STATS., substantially reduces the circumstances under which an incarcerated person is a "requester" under the Open Records Law. As amended by 1995 Wis. Act 158, § 2, § 19.32(3) provides in pertinent part:

> Section 19.32(3). Requester means any person who requests inspection or copies of a record, except an incarcerated person, unless the person requests inspection or copies of a record that contains specific references to that person. . . .

complainant. As the complainant, he may waive the confidentiality of his complaint, WIS. ADM. CODE § DOC 310.13(2), and he "may make public any aspect of [his] complaint at any time." WIS. ADM. CODE § DOC 310.13(5). Nothing in the confidentiality provisions pertaining to the ICRS, WIS. ADM. CODE § DOC 310.13, suggests that investigative material an inmate complaint investigator collects regarding an inmate's complaint may be withheld from the inmate on confidentiality grounds.

It is settled that, although not subject to a distinct statutory exception, nondisclosure of personnel records of public employees is an exception to the open records laws via a public policy analysis. *Woznicki v. Erickson*, 192 Wis. 2d 710, 715, 531 N.W.2d 465, 467 (Ct. App. 1995), *review granted*, 537 N.W.2d 570 (June 12, 1995). But for Zunker merely to state that Tratz's ICRS complaint is a personnel matter is insufficient.[2] A public records custodian must justify a refusal to provide access to public records by specifically stating the reasons for refusal. *State ex rel. Youmans v. Owens*, 28 Wis. 2d 672, 682, 137 N.W.2d 470, 475 (1965).

The amendment probably would not have affected Tratz's right to the records he requested from Zunker. Those records likely contained "specific references" to him.

[2] The Wisconsin Supreme Court has recently held that "there is no blanket exception under the open records law for public employee disciplinary or personnel records." *Wisconsin Newspress, Inc. v. School District of Sheboygan Falls*, 199 Wis. 2d 769, 782-83, 546 N.W.2d 143, 148 (1996). Requests for disclosure are subject to a balancing test between policies favoring disclosure, including the presumption of openness as described in § 19.31, STATS., against any policies favoring keeping the records from public view. *Id.*

Moreover, the custodian's bare assertion that the requested records pertain to personnel matters can hardly be sufficient when the connection between the records and personnel matters is not apparent. Tratz does not seek access to records pertaining to the personnel files of public employees. He wants the investigator's and Zunker's records. If the assumption behind Zunker's ruling is that Tratz seeks information regarding his own personnel file, the exemption regarding personnel files does not apply. Tratz seeks access to his own file.

If other facts exist which justify Zunker's conclusion that Tratz should not have access to the records he sought, she has not disclosed them, and neither this court nor her counsel may supply them. *See Oshkosh Northwestern Co. v. Oshkosh Library Bd.*, 125 Wis. 2d 480, 486, 373 N.W.2d 459, 463 (Ct. App. 1985) ("[I]t is not the trial court's nor this court's role to hypothesize the reasons for denying access or to consider reasons not asserted by the custodian.").

Having concluded that Zunker provided insufficient reasons for denying Tratz access to the records, reports and written notes that she has received or made concerning his ICRS complaint, we reverse the trial court's order dismissing his action.

Zunker initially contested Tratz's claim for $100 minimum damages under § 19.37(2)(a), STATS., but she abandoned that position in this appeal. On remand, the trial court shall order Zunker to produce the documents covered by Tratz's request and award him $100 damages, costs and fees, payable by the department of corrections pursuant to § 19.37(2)(a).

*By the Court.*—Order reversed and cause remanded with directions.