STATE of Wisconsin EX REL. Matthew TYLER,
Petitioner-Appellant,†

v.

John BETT, Respondent-Respondent.

Court of Appeals

*No. 01–2808. Submitted on briefs February 12, 2002.—Decided
August 1, 2002.*

2002 WI App 234

(Also reported in 652 N.W.2d 800.)

† Petition to review denied 10-21-02.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Matthew Tyler*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Elizabeth C. Stone*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Roggensack, Deininger and Lundsten, JJ.

¶ 1. DEININGER, J. Matthew Tyler appeals an order denying his motion to reconsider the dismissal of his petition for certiorari review of a prison disciplinary committee decision. The circuit court dismissed his petition because it was filed after the expiration of the forty-five-day period for commencing actions for certiorari review under WIS. STAT. § 893.735 (1999–2000).[1] Tyler claims that he is entitled to have the filing deadline extended under the "mailbox rule" announced in *State ex. rel. Shimkus v. Sondalle*, 2000 WI App 238, 239 Wis. 2d 327, 620 N.W.2d 409 (*Shimkus I*). He also claims that he is entitled to "special consideration in meeting the filing deadline" because of the lack of legal resources and assistance available to him in prison.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted. WISCONSIN STAT. § 893.735(2) provides in part as follows:

> An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45-day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition.

Subsection (3) of the statute provides that "an action seeking a remedy available by certiorari is commenced at the time that the prisoner files a petition seeking a writ of certiorari with a court."

¶ 2. We affirm the circuit court's order because the "mailbox rule" tolls the statutory filing deadline only after a prisoner deposits for mailing a petition that is complete, in proper form and accompanied by the required filing fee or fee-waiver documents. We also reject Tyler's claim that the alleged inadequacy of legal resources and assistance available to prison inmates provides grounds for tolling of the statutory deadline.

## BACKGROUND

¶ 3. A prison disciplinary committee found that Tyler violated prison rules and imposed sanctions for the violation. Tyler appealed to the institution's warden, who affirmed the committee's decision on May 8, 2001. Tyler also unsuccessfully sought relief through the institution's Inmate Compliant Review System (ICRS). *See State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 70, 586 N.W.2d 63 (Ct. App. 1998) ("[A] prisoner may not obtain certiorari review of [a prison disciplinary action] until the ICRS completes review of any claimed procedural errors."), *modified in part, State ex rel. Hensley v. Endicott*, 2001 WI 105, 245 Wis. 2d 607, 629 N.W.2d 686.

¶ 4. The Department of Corrections issued a final decision dismissing Tyler's ICRS complaint on May 17, 2001. Tyler agrees that this is the date when he had exhausted his administrative remedies, and accordingly, the date on which the forty-five-day period for bringing an action for certiorari review of the disciplinary action commenced. Absent any tolling, July 2, 2001, thus became the last date for Tyler to file his petition with the circuit court.[2]

---

[2] The forty-fifth day, July 1, 2001, was a Sunday, thus extending the filing deadline to Monday, July 2. *See* WIS. STAT. § 990.001(4)(b).

¶ 5. Tyler avers that he sent his petition for certiorari review, as well as disbursement requests for the filing fee and for postage, to the institution "business office" on June 16, 2001. The Dane County Clerk of Circuit Court received the petition on June 29, 2001. A staff attorney for the circuit court returned the materials to Tyler the same day for "failure to meet state filing requirements," and informed him as follows:

> To begin, the filing fee is $124.00, not $89.00. Additionally, you must provide all documents provided by the administrative agency to you. This includes (but is not limited to) the underlying conduct report, which was not included, your request for witnesses, the denial of witnesses, and the adjustment committee's decision.
>
> You may attempt to file again when you provide the required documentation.

Tyler received the letter and his returned petition on July 5, 2001.

¶ 6. Tyler avers that he again sent his petition, together with all required documents and a disbursement request for the proper fee, to the institution business office on July 13, 2001. The record contains a delivery receipt indicating that the clerk of circuit court received Tyler's resubmitted petition on July 18, 2001, but the petition was not date-stamped by the clerk's office until July 23, 2001.

¶ 7. The circuit court concluded that Tyler's certiorari action was filed beyond the statutory forty-five-day deadline and it dismissed Tyler's action for failure to state a claim under WIS. STAT. § 802.05(3)(b)4.[3] Tyler moved for reconsideration

---

[3] We have recently held that a prisoner's right to procedural due process is violated when a circuit court dismisses sua sponte

on the grounds that he was entitled to tolling of the filing deadline under the rule announced in *Shimkus I.* The trial court disagreed and denied Tyler's motion for reconsideration. Tyler appeals.

## ANALYSIS

¶ 8. We review de novo a circuit court's dismissal for failure to state a claim, accepting as true the facts alleged in the petition or complaint and the reasonable inferences drawn from those facts. *Town of Eagle v. Christensen,* 191 Wis. 2d 301, 311–12, 529 N.W.2d 245 (Ct. App. 1995). We are asked in this appeal to determine whether Tyler's petition was timely filed under Wis. Stat. § 893.735(2), which may require us to consider certain facts that are not alleged in the petition. *See Shimkus I,* 2000 WI App 238 at ¶ 3 n.2 (considering other items in the appellate record to determine when certain acts were done).[4]

¶ 9. As we have noted, a prisoner wishing to have judicial review of a prison disciplinary action must petition for certiorari review within forty-five days

a prisoner's petition for certiorari review for failure to state a claim under Wis. Stat. § 802.05(3)(b)4, without prior notice and the opportunity to be heard. *State ex rel. Schatz v. McCaughtry,* 2002 WI App 167, 256 Wis. 2d 770, 650 N.W.2d 67, *review granted,* (Wis. Sep. 26, 2002) (01–0793). Tyler has not raised the due process issue in this appeal, but we note that the circuit court gave Tyler "a meaningful opportunity to be heard," *id.* at ¶ 14, when it considered his motion for reconsideration, and his affidavit and memorandum brief in support of the motion.

[4] Subsequently, in *State ex rel. Shimkus v. Sondalle,* 2000 WI App 262, 240 Wis. 2d 310, 622 N.W.2d 763 (*Shimkus II*), we concluded that "when an inmate wishes to invoke [the *Shimkus I*] tolling rule, the inmate must present proof, by affidavit or other evidentiary submission, of the date on which he or she

"after the cause of action accrues." WIS. STAT. § 893.735(2). (See footnote 1.) The forty-five-day period begins on the date the prisoner receives "actual notice" of a final decision or disposition regarding his or her requests for administrative relief from the disciplinary action. *Id.* Tyler concedes that the statutory filing period commenced on May 17, 2001 and expired on July 2, 2001. He argues, however, that he is entitled to tolling of the forty-five-day filing period under the "mailbox rule" announced in *Shimkus I* from June 16th, the date he first placed his petition "in the prison mailbox," through July 5th, the date he received the petition back from the clerk of court, a period of nineteen days. The filing deadline would thus be extended from July 2 to July 21, 2001, and in Tyler's view, the clerk's receipt of the petition on July 18, 2001, along with all necessary documents and the proper filing fee, thus constituted a timely filing of his action.

¶ 10. In order to decide whether Tyler may avail himself of the "mailbox rule" on the present facts, we briefly review our decision in *Shimkus I*, as well as several decisions which have followed it. The petitioner in *Shimkus I* mailed his petition for certiorari review twelve days before the filing deadline, but for unexplained reasons, the clerk of court did not receive the petition until three days past the forty-five-day deadline. *Shimkus I*, 2000 WI App 238 at ¶ 3. Finding the Supreme Court's reasoning persuasive, we adopted a "mailbox rule" similar to that announced in *Houston v. Lack*, 487 U.S. 266 (1988). *Shimkus I*, at ¶¶ 13–14. Specifically, we held that "when a prison inmate places a certiorari petition in the institution's mailbox for

placed the certiorari petition in the institution mailbox." *Id.* at ¶ 2. Tyler provided such an affidavit in support of his motion for reconsideration.

forwarding to the circuit court, the forty-five-day time limit in WIS. STAT. § 897.735(2) is tolled." *Id.* at ¶ 14.

¶ 11. We have applied the prison mailbox/tolling rule to several other filing requirements relating to prisoner actions, and the supreme court has adopted the rule for petitions for review filed by prisoners. We concluded in *State ex rel. Steldt v. McCaughtry*, 2000 WI App 176, 238 Wis. 2d 393, 617 N.W.2d 201, that once the court receives the documents from the prisoner to make a determination of indigence, "the time taken by the court to determine whether the prisoner must pay any fees before proceeding is out of the prisoner's control," and therefore "the forty-five-day deadline is tolled once the clerk of court receives the petition for a writ of certiorari, the request for a fee waiver, the affidavit of indigency, and the certified copy of the prisoner's trust account statement." *Id.* at ¶ 17.

¶ 12. Similarly, we concluded in *State ex. rel. Locklear v. Schwarz*, 2001 WI App 74, 242 Wis. 2d 327, 629 N.W.2d 30, that the forty-five-day deadline is tolled while a prisoner who timely requests a "three-strikes certification" from the Department of Justice, which is required of prisoners seeking fee waivers,[5] awaits its receipt. *Id.* at ¶ 28. And, based on the same loss of control rationale, we have also applied the tolling rule to the period between a request for and the receipt of a prisoner's trust account statement, another item required of prisoners seeking waiver of fee prepayment. *State ex. rel. Walker v. McCaughtry*, 2001 WI App 110, ¶ 16, 244 Wis. 2d 177, 629 N.W.2d 17. We summarized

---

[5] *See* WIS. STAT. §§ 801.02(7)(d) and 802.05(3)(c).

in *Walker* how the tolling rule should be applied to the various requirements a prisoner seeking fee waivers must meet:[6]

> [T]he tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested. The time begins running again when those documents are within the prisoner's control, such as when a prisoner receives a DOJ certification for forwarding to the court. By requiring prisoners to submit documents under their control within a desig-

---

[6] In *State ex. rel. Locklear v. Schwarz*, 2001 WI App 74, ¶ 22, 242 Wis. 2d 327, 629 N.W.2d 30, we listed what a prisoner who requests a waiver from prepayment of fees must do:

> In order to obtain waiver of prepayment of costs and fees, an indigent prisoner must submit an original and one copy of the following papers:
>
> (1) The Prisoner's Petition/Affidavit of Indigency; Wis. Stat. § 814.29(1m)(a)1;
>
> (2) A certification from the Department of Justice regarding the number of litigation dismissals the prisoner has accumulated; Wis. Stat. §§ 801.02(7)(d) and 802.05(3)(c);
>
> (3) A certified prison/jail trust account statement for the past six months; § 814.29(1m)(b)2;
>
> (4) An authorization allowing the custodial institution to forward payments from the prisoner's trust account to the clerk of court's office; § 814.29(1m)(c)2; and
>
> (5) All documentary evidence of exhaustion of administrative remedies; § 801.02(7)(c). This documentary evidence of exhaustion of administrative remedies is considered part of the initial pleading and must be attached to all copies of the petition. *Id.*
>
> The absence of any one of these requirements can lead to the court's rejection of the petition.

nated period, the prisoner is treated equitably and the legislative intent is fulfilled.

*Id.* at ¶ 18 (citation omitted).

¶ 13. The supreme court discussed our rationale and conclusions in the foregoing cases in *Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292. The court embraced the mailbox/tolling rule and applied it to the thirty-day period for filing a petition for review with the supreme court under Wis. Stat. § 808.10. *Id.* at ¶ 24. The court noted that the rule allows for tolling of a statutory filing period but that it "will not excuse a pro se prisoner who ultimately fails to pay filing fees, address the petition properly, or otherwise comply with filing requirements." *Id.* at ¶ 27. The court also explained "that the 30–day deadline for receipt of a petition for review is tolled on the date that a pro se prisoner delivers a *correctly addressed* petition to the proper prison authorities for mailing." *Id.* at ¶ 32 (emphasis added). In other words, a prisoner's submission of an incorrect or defective petition would not trigger application of the rule.

¶ 14. This court also emphasized in *Shimkus I* that the tolling rule cannot operate to cure defects in a prisoner's submissions. We noted in the final paragraph of the opinion that "other defects in the filing, such as the failure to pay the required fee, or establish a right of waiver of the fee, may nonetheless result in [a petition's] rejection by the court." *Shimkus I*, 2000 WI App 238 at ¶ 14. Earlier in the opinion we noted that "under our holding, even though a prisoner's certiorari action may be timely with respect to the § 893.735(2) time limit, the court may still decline to allow the action to proceed if the fee and other requirements of §§ 801.02 and 814.29 are not met." *Id.* at ¶ 9.

¶ 15. The tolling rule is thus limited in scope, and a prisoner must submit proper documents and comply with statutory fee or fee-waiver requirements in order to obtain the benefit of the rule. The fatal flaw in Tyler's request for application of the tolling rule to his petition is that he did not place all of the required documents and a disbursement request for the proper filing fee "in the prison mailbox" until July 13, 2001. By then, the forty-five-day filing period had already expired, and tolling of the period from July 13th, to the clerk's file-stamping of the petition on July 23, 2001, cannot save Tyler's petition. In his first submission on June 16th, Tyler forwarded an inadequate filing fee and he did not enclose the necessary documents required under WIS. STAT. § 801.02(7)(c). Tyler is *not* entitled to have the period from June 16th to July 5th tolled because, even though the items he submitted were "out of his control" during that period, they did not constitute a complete and proper submission to the court.

¶ 16. To hold otherwise, that is, to allow Tyler the benefit of tolling for the period after he submitted an incomplete petition and an insufficient fee, would be to reward his carelessness by giving him extra time to remedy matters that *were* within his control, which is contrary to the rationale for the tolling rule. Indeed, if the rule were that tolling applies to any submission, no matter how inadequate, an incentive would be created for prisoners to intentionally submit insufficient materials in order to gain additional time to submit proper petitions, thereby circumventing the forty-five-day deadline the legislature deemed adequate to accomplish the task. *See Walker*, 2001 WI App 110, ¶¶ 17–18 (explaining that, under the tolling rule, prisoners must still "comply with the deadline to the extent they have

control over the relevant documents," lest they be given an advantage "over other litigants, contrary to legislative intent.").

██

¶ 17. Finally, we briefly address Tyler's contention that he is entitled to "special consideration in meeting the filing deadline because he was faced with obstacles beyond his control which interfered with the processing of his petition." He essentially claims that he should be entitled to have the statute tolled because he did not have access to adequate legal resources and assistance at the institution where he is incarcerated. We do not agree that the tolling rule of *Shimkus I* and its progeny may be employed as an ad hoc remedy for alleged inadequacies in prison legal resources.

██

¶ 18. We acknowledge that limitations on the access to legal resources and assistance undoubtedly impact the ability of pro se prisoners to properly file legal actions. We also acknowledge that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To that end, Wis. Admin. Code § DOC 309.155(3) provides that "[e]ach institution, except correctional centers and the Wisconsin resource center, shall maintain a law library and make legal materials available to inmates at reasonable times and for reasonable periods." Moreover, the Department of Corrections "shall make reasonable efforts to ensure that adequate legal services are available to indigent inmates." Section DOC 309.155(4).

¶ 19. We conclude, however, that inmates' claims that they have been denied the constitutional right of access to the courts, or that the department is not meeting its obligations under the Wɪs. Aᴅᴍɪɴ. Cᴏᴅᴇ § DOC 309.155 are appropriately addressed through the Inmate Complaint Review System. The complaint review system permits prisoners to challenge specific violations of their rights ·and inadequacies in prison conditions or services. *See* Wɪs. Aᴅᴍɪɴ. Cᴏᴅᴇ § DOC 310.01(2)(a), (h) (Objectives for the inmate complaint review system include allowing "inmates to raise . . . significant issues regarding rules [and] living conditions," and to "raise civil rights grievances.").

¶ 20. By contrast, the judicially-created mailbox/tolling rule is far more limited in scope. The rule addresses only the disability inmates are under in meeting statutory filing deadlines because they must rely on the actions of others, who are beyond their control, in submitting necessary documents to the courts. We conclude that the continued vitality of the rule depends on its being confined to serving its intended purpose. The efficacy of the rule depends on the ability of courts to easily resolve factual questions regarding who did what and when in relation to the mailing, receipt and processing of documents intended for court filing. *See Nichols,* 2001 WI 119 at ¶ 27; *Shimkus I,* 2000 WI 238 at ¶ 6. The rule was not intended to spawn, nor can it support, open-ended inquiries into the adequacy of prison legal resources, or discretionary judgments as to whether certain facts and circumstances warrant relief from statutory deadlines while others do not.

## CONCLUSION

¶ 21. For the reasons discussed above, Tyler was not entitled to have the period for filing his certiorari petition tolled, and we affirm the order of the circuit court denying reconsideration of its dismissal of Tyler's petition.

*By the Court.*—Order affirmed.