**Matthew TYLER, Plaintiff–Appellant,**

v.

**John BETT et al., Defendants–Appellees.**

**No. 03–2727.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.*

Decided Jan. 14, 2004.

---

* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Matthew Tyler, pro se, Oshkosh, WI, for Plaintiff–Appellant.

Charles D. Hoornstra, Office of the Attorney General, Madison, WI, for Defendant–Appellee.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

ORDER

Wisconsin inmate Matthew Tyler sued under 42 U.S.C. § 1983, alleging that corrections officials denied him access to the courts by refusing to give him copies of a previously submitted grievance regarding a disciplinary conviction. The parties consented to the entry of judgment by a magistrate judge, who ultimately granted the defendants' motion to dismiss due to Tyler's purported failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. 104–134, 110 Stat. 1321 (1996). The magistrate judge also denied Tyler's subsequent motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). We review the dismissal *de novo*. *McCoy v. Gilbert,* 270 F.3d 503, 508 (7th Cir.2001).

In Wisconsin, judicial review of a prison disciplinary conviction begins in state court by way of a petition for a writ of certiorari. As a prelude to seeking judicial review, however, a prisoner must first exhaust his administrative remedies. *State ex rel. Hensley v. Endicott,* 245 Wis.2d 607, 629 N.W.2d 686, 690 (2001). Tyler wanted to challenge a disciplinary conviction in state court, so to prove that he had exhausted, his administrative remedies, he twice requested copies of a past grievance form from the inmate complaint examiner ("ICE") at his prison. Each time, the ICE denied his request, explaining that the grievance was confidential. Tyler filed his petition for a writ of certiorari in state court without a copy of the grievance, but the court denied the writ.

Tyler attributes the denial of his state petition to the defendants' frustration of his efforts to obtain copies of the grievance; when he then sued for denial of his right of access to the courts, the defendants countered, and the magistrate judge agreed, that Tyler had not exhausted all administrative remedies that were available to him under the Wisconsin inmate complaint system. However, an examination of Wisconsin's inmate grievance system, WIS. ADMIN. CODE § DOC 310 (2002), reveals that there were no administrative remedies available to Tyler, because the Wisconsin grievance system explicitly prohibits inmates from grieving the denial of a request for records. *Id.* § DOC 310.08(2)(f); *see also Tratz v. Zunker,* 201 Wis.2d 774, 550 N.W.2d 141, 142–43 (1996). Accordingly, the PLRA does not prohibit him from filing suit in federal court. *See McCoy,* 270 F.3d at 511; *Perez v. Wisconsin Dept. of Corr.,* 182 F.3d 532, 534 (7th Cir.1999).

Despite this error, we believe that a remand would be unnecessary due to the lack of merit in Tyler's § 1983 claim. Tyler's claim is based on a Wisconsin circuit court's denial of his petition for a writ of certiorari. On appeal of the circuit court's decision in *State ex rel. Tyler v. Bett,*[1] 257

1. Although Tyler does not explicitly name the

lawsuit in which his writ of certiorari was

972

Wis.2d 606, 652 N.W.2d 800, 801 (2002), the Court of Appeals of Wisconsin explained that the circuit court had denied Tyler a writ of certiorari because he did not include the correct filing fee and several necessary documents in his petition. *Id.* at 802. However, the circuit court did not list the grievance form as one of the missing documents. *Id.* Even if the document had been necessary, the court of appeals explained that Tyler's failure to provide it would not have been fatal to his petition because the filing deadline for a writ of certiorari is tolled once a prisoner requests a document held by prison officials. *Id.* at 803–04. Thus, even if Tyler had been wrongfully denied copies of his grievance form by the defendants in this case, the denial had no connection to the dismissal of his certiorari petition. As the defendants are not responsible for the rejection of Tyler's petition, they cannot be liable under § 1983, *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001), and a remand to the district court is unnecessary, *Miller Aviation v. Milwaukee County Bd. of Supervisors,* 273 F.3d 722, 731 (7th Cir.2001).

As we affirm the district court's order of dismissal due to the lack of merit in Tyler's § 1983 claim, the dismissal is with prejudice. *See Paganis v. Blonstein,* 3 F.3d 1067, 1071 (7th Cir.1993).

AFFIRMED.

denied, it is apparent from the record that the case is *State ex rel. Tyler v. Bett.* In his § 1983 complaint forms, Tyler acknowledged having filed two prior lawsuits. One of them, filed in 2002, sought postconviction relief relating to a guilty plea. The only other lawsuit listed was *State ex rel. Tyler v. Bett,* filed in July 2001, relating to "procedural errors in disciplinary hearing." Tyler appealed this decision, and he states that the appeal was decided on August 1, 2002, the date the Court of Appeals of Wisconsin filed its decision in *State ex rel. Tyler v. Bett.* Tyler also stated in his complaint forms that he was denied access to the courts when his petition for a writ of certiorari was denied on June 29, 2001, the date the circuit court denied his petition in *State ex rel. Tyler v. Bett.* 652 N.W.2d at 610.