COURT OF APPEALS
DECISION
DATED AND FILED

January 11, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2022AP1592**
**2022AP1662**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2022CV1780
2022CV2143

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN EX REL. JEFFREY G. MACMILLAN,

PETITIONER-APPELLANT,

V.

KEVIN CARR AND LARRY FUCHS,

RESPONDENTS-RESPONDENTS.

APPEAL from orders of the circuit court for Dane County: RHONDA L. LANFORD and SUSAN M. CRAWFORD, Judges. *Affirmed.*

Before Blanchard, Graham, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jeffrey MacMillan appeals the dismissal of two different certiorari petitions that sought circuit court review of multiple Department of Corrections decisions regarding MacMillan's inmate complaints. We consolidated these appeals based on MacMillan's unopposed motion, which represented that the petitions he filed in the circuit court were both dismissed for the same reason, and that the same issues concerning equitable estoppel and tolling would be argued in both appeals.

¶2 On appeal, MacMillan argues that the respective circuit courts erroneously dismissed his petitions as untimely based on the filing deadlines in WIS. STAT. § 893.735(2) (2021-22).[1] He contends that he was entitled to equitable estoppel or to tolling of the filing deadlines, primarily based on his allegation that the law library access provided by the Department is constitutionally inadequate. This argument fails because it has already been rejected by this court in *State ex rel. Tyler v. Bett*, 2002 WI App 234, ¶19, 257 Wis. 2d 606, 652 N.W.2d 800. MacMillan also alleges that the Department engaged in other obstructive conduct that entitles him to equitable estoppel or tolling, but these arguments fail because they are not supported by the record. Accordingly, we reject MacMillan's arguments and affirm the circuit court orders that dismissed the petitions as untimely.

## BACKGROUND

¶3 Although these appeals have been consolidated, the pertinent facts turn on two different timelines, and we set forth those timelines separately.

---

[1] All references to the Wisconsin Statutes are to the 2021-2022 version.

**Facts Pertaining to Appeal No. 2022AP1592**
**(Dane County Case No. 2022CV1780)**

¶4    MacMillan's first case, which was designated as Dane County case No. 2022CV1780 and assigned to Judge Rhonda Lanford, seeks certiorari review of four final Department decisions that dismissed four of MacMillan's inmate complaints on various topics.[2]  The most recent of these Department decisions was issued on May 18, 2022.  Therefore, under WIS. STAT. § 893.735(2), MacMillan's deadline to petition for certiorari review was *no later than* July 5, 2022, unless he demonstrated that that deadline should be tolled.[3]  *See* § 893.735(2) (establishing a 45-day deadline); ***State ex rel. Walker v. McCaughtry***, 2001 WI App 110, ¶¶13-16, 244 Wis. 2d 177, 629 N.W.2d 17 (acknowledging that the statutory deadline may be tolled under certain circumstances in which incarcerated persons encounter delays in filing that are beyond their control).

¶5    According to the affidavit and other supporting documents attached to MacMillan's petition, MacMillan attempted to file a version of his petition, which would have challenged some of these Department decisions, on two earlier occasions.  However, the Dane County Clerk of Courts (hereinafter, the clerk's

---

[2] The four underlying inmate complaints pertained to MacMillan's treatment as an inmate at Columbia Correctional Institution.  More specifically, one addressed an offsite medical appointment that was "foiled" by the Department; another addressed scheduled zoom calls with MacMillan's lawyer that were "obstructed" by the Department; and two complaints related to the procedure used by the inmate complaint review system for handling inmate complaints, including alleged obstruction of complaints and alleged staff misconduct.

[3] Indeed, a July 5, 2022 petition would have been timely only as to the last-decided inmate complaint, and would not have been timely as to MacMillan's other complaints.  However, we need not address these details because MacMillan does not dispute that his petition was filed more than 45 days after the Department's final decisions on all of his inmate complaints.

3

office) did not accept these earlier versions for filing. MacMillan's third attempt to file a petition was accepted for filing by the clerk's office on July 19, 2022.

¶6      The following averments are taken from the affidavit MacMillan filed with his petition, which identified the reasons for his delay in filing.

¶7      MacMillan initially attempted to file his petition by mail on or around April 21, 2022. Shortly thereafter, the Department notified MacMillan that he was being transferred to Green Bay Correctional Institution (GBCI), and the transfer was complete by the end of April 2022. MacMillan avers that the transfer to GBCI was "irregular," "unplanned," "retaliatory," and "disruptive to [his] legal efforts." MacMillan further avers that, once he was at GBCI, the Department "refused to allow access to the law library as a general rule, claiming that an active court deadline is required to obtain access."

¶8      MacMillan further avers that he did not receive any acknowledgement from the clerk's office about his initial attempt to file the petition. Therefore, he sent his materials a second time, and they were received (but not filed) by the clerk's office on May 20, 2022.

¶9      MacMillan further avers that his mother, who he refers to as his "legal agent," contacted the clerk's office on June 4, 2022, to inquire about the status of the petition. MacMillan's mother was advised that the clerk had received both mailings, but that a staff attorney working in the clerk's office had "refused" to file them. The clerk's office declined to provide additional information to MacMillan's mother and directed her to have MacMillan contact the clerk's office in writing.

¶10    MacMillan further avers that he prepared his petition and supporting documents a third time.  As noted, these materials were finally accepted for filing by the clerk's office on July 19, 2022.[4]

¶11    In the petition itself, MacMillan requests "equitable estoppel and equitable tolling" of the 45-day deadline due to obstruction by the Department. He contends that the Department went to "extensive efforts to thwart the filing of this petition," including by transferring him to GBCI after he first attempted to file the petition and by refusing to allow adequate access to the law library at GBCI. Regarding the library access issue, MacMillan cites cases including ***Bounds v. Smith***, 430 U.S. 817 (1977), *clarified by **Lewis v. Casey***, 518 U.S. 343 (1996) (addressing the scope of the right set forth in ***Bounds***) and he argues that the library access provided by the Department is "insubstantial and grossly inadequate, by design."  He asserts that he filed a "separate [inmate] complaint … regarding the lack of sufficient law library access," and that his inmate complaint regarding library access "should be requested as part of the court's certiorari review" in this case.[5]  Finally, as discussed in greater detail below, he alleges that

---

[4] MacMillan's affidavit does not identify the date that he placed the petition and supporting documents in the institutional mailbox.

[5] This appears to be a reference to a separate inmate complaint (GBCI-2022-7880) which was, apparently, the subject of a separate petition for certiorari review (Dane County case No. 2022CV2457) and is the subject of a separate pending appeal (appeal No. 2023AP1212).

the Department obstructed his efforts by delaying the processing and mailing of his second attempt at filing.[6]

¶12    Consistent with WIS. STAT. § 802.05(4)(b), the circuit court entered an order that dismissed the petition without requiring a response from the Department. The reason given for the sua sponte dismissal was MacMillan's failure to file the petition within the 45-day statute of limitations in WIS. STAT. § 893.735(2). MacMillan appeals.

**Facts Pertaining to Appeal No. 2022AP1662**
**(Dane County Case No. 2022CV2143)**

¶13    MacMillan's second case, which was designated Dane County case No. 2022CV2143 and assigned to Judge Susan Crawford, seeks review of several Department decisions that dismissed or otherwise declined to address MacMillan's inmate complaints on various topics.[7] The latest of the Department decisions was issued on July 5, 2022. Therefore, under WIS. STAT. § 893.735(2), MacMillan

---

[6] In the petition that MacMillan filed with the circuit court, he also argued that he was entitled to estoppel and tolling of the filing deadline based on interference by the clerk's office. Among other things, he pointed to the clerk's office's failure to communicate with him about its reasons for declining to file the petition, its "refus[al] to acknowledge [his mother as his] legal agent, despite widely accepted use of agents for legal filings, especially in inmate cases," and the role of a clerk's office staff attorney in screening inmate filings and rejecting them based on errors that could be remedied with amended pleadings. MacMillan does not renew this argument on appeal, and therefore, we discuss it no further.

[7] These underlying inmate complaints pertained to MacMillan's treatment as an inmate at Columbia Correctional Institution, his transfer to GBCI, and his treatment as an inmate at that institution. More specifically, one inmate complaint addressed his requests for items that the special needs committee denied as medically unnecessary; another pertained to MacMillan's inmate work assignment; another pertained to his transfer to GBCI; another addressed alleged damage to MacMillan's typewriter by Department staff; and another pertained to medical issues including a medication dosage change. Along with the final Department decisions on these complaints, MacMillan also seeks review of the Department's refusal to consider other inmate complaints pertaining to medical treatment.

should have sought certiorari review by the circuit court *no later than* August 19, 2022, unless that deadline was tolled.[8] *See Walker*, 244 Wis. 2d 177, ¶¶13-16.

¶14 MacMillan's petition was stamped as "filed" in the circuit court on August 25, 2022. MacMillan did not include any affidavit along with his petition that identified the date that he placed the petition in the institution mailbox, or that accounted for his delay in doing so.

¶15 However, in the petition itself, MacMillan argues that he is entitled to "equitable estoppel and equitable tolling" of the 45-day deadline based on the Department's "interfer[ence] with the filing of this petition." He again argues that the Department interfered with his filing by transferring him to GBCI, and by "refus[ing] to allow law library access at all, unless a court deadline can be shown." He again cites federal case law and argues that the library access afforded by the Department is "insubstantial and grossly inadequate, by design." And again, he asserts that his separate inmate complaint on the library access issue "should be requested" and considered in this case. Finally, MacMillan also alleges that he was placed on lockdown due to a positive COVID test on July 22, 2022, which entirely blocked his access to the library for approximately two weeks.

¶16 Again, consistent with WIS. STAT. § 802.05(4)(b), the circuit court entered an order that dismissed the petition without requiring a response from the Department. And again, the reason given for the sua sponte dismissal was

---

[8] An August 19, 2022 petition would have been timely only as to the last-decided inmate complaint, but we do not address these details because MacMillan's petition was filed more than 45 days after the Department's final decision on all of the complaints.

MacMillan's failure to file the petition within the 45-day limitations period set forth in WIS. STAT. § 893.735(2).

¶17 MacMillan filed a motion for reconsideration. In his motion, MacMillan argued that, despite his request for equitable tolling, the circuit court "failed to conduct the appropriate hearing" or give "any apparent consideration at all [to] the fact that the [Department was] responsible for any lapse relating to the filing deadlines." The motion focused on the limited access to the law library at GBCI, which MacMillan characterized as "well below established and accepted guidelines." He also argued in a summary fashion that the "pattern of interference and harassment" that is the subject of his petition "is at a minimum something that should be considered on the merits by the court."

¶18 The circuit court issued an order denying the motion. In the order, the court explained that, although MacMillan had requested tolling of the statutory deadline based on law library access, this same argument has been rejected in a published decision by the Wisconsin Court of Appeals. *See Tyler*, 257 Wis. 2d 606, ¶19. Accordingly, the court explained, it could not "equitably toll the statute of limitations regardless of whether, or to what extent, any prison official limited MacMillan's access to the prison law library." MacMillan appeals.

**DISCUSSION**

¶19 The issue in these appeals is whether the respective circuit courts properly dismissed MacMillan's two certiorari petitions as untimely. We review this issue de novo. *State ex rel. Johnson v. Litscher*, 2001 WI App 47, ¶4, 241 Wis. 2d 407, 625 N.W.2d 887.

¶20 As noted, under WIS. STAT. § 893.735(2), an inmate's petition for certiorari review of the Department's decision on an inmate complaint must be filed within 45 days of the date of the Department's final decision. Strict adherence to the statutory limitations period is required, and an inmate's failure to file a certiorari petition within the limitations period results in dismissal. ***State ex rel. Collins v. Cooke***, 2000 WI App 101, ¶¶5, 7, 235 Wis. 2d 63, 611 N.W.2d 774. However, Wisconsin courts have determined that the statutory deadline may be tolled under certain circumstances, in recognition of the reality that incarcerated persons may encounter certain delays in filing that are beyond their control. ***Walker***, 244 Wis. 2d 177, ¶¶13-16. This doctrine is referred to as "equitable tolling," and we discuss it at greater length below.

¶21 Here, MacMillan does not dispute that his petitions were not filed within 45 days of the final Department decisions he wished to contest. Instead, in his appellate briefing, MacMillan argues that "equitable estoppel should have been applied, due to [the Department's] affirmative conduct" in allegedly hindering his ability to file his petitions within the statutory deadline. More specifically, MacMillan contends that he was hindered by the Department's law library access policies, its alleged interference with his legal mail, and other unspecified "retaliatory conduct." According to MacMillan, application of equitable estoppel would have "tolled" the filing deadlines for both petitions, resulting in a determination that his petitions were timely filed. In addition, MacMillan argues that the respective circuit courts should not have dismissed his petitions sua sponte without holding a hearing on his allegations about the reasons for his delay in filing the petitions.

¶22 Before addressing these arguments, we briefly comment on two distinct concepts, tolling and estoppel, which MacMillan conflates in his briefing.

**Tolling and Estoppel**

¶23    As applied here, "equitable tolling" refers to the manner in which a statutory filing deadline is calculated.  *See, e.g.*, **State ex rel. Griffin v. Smith**, 2004 WI 36, ¶35-36, 270 Wis. 2d 235, 677 N.W.2d 259.  When a deadline is tolled, it is pushed back by a certain number of days to account for certain delays that were beyond the filing party's control.  **Id.**, ¶37; **Walker**, 244 Wis. 2d 177, ¶¶13-16.  Equitable tolling is often used when calculating an inmate's deadline for filing a certiorari petition.[9]

¶24    The doctrine of estoppel, by contrast, can be directed at a defendant (or a respondent) in a legal action.  When applicable, the doctrine of estoppel prevents that party from asserting a legal defense, including a statute of limitations defense, at all.[10]  MacMillan does not identify any case in which a court has

---

[9] *See* **State ex rel. Steldt v. McCaughtry**, 2000 WI App 176, ¶¶17-18, 238 Wis. 2d 393, 617 N.W.2d 201 (after an inmate claiming to be indigent submits all documents needed to make the indigency determination to the court, "the time taken by the court to determine whether the prisoner must pay any fees before proceeding is out of the prisoner's control," and the deadline for commencing the action "is tolled"); **State ex rel. Shimkus v. Sondalle**, 2000 WI App 238, ¶14, 239 Wis. 2d 327, 620 N.W.2d 409 (establishing the "mailbox rule," which provides that, "when a prison inmate places a certiorari petition in the institution's mailbox for forwarding to the circuit court, the forty-five-day time limit … is tolled"); **State ex rel. Locklear v. Schwarz**, 2001 WI App 74, ¶¶22-28, 242 Wis. 2d 327, 629 N.W.2d 30 (tolling applies when an inmate has timely requested a three-strikes certification from the state department of justice and awaits its receipt); **State ex rel. Walker v. McCaughtry**, 2001 WI App 110, ¶16, 244 Wis. 2d 177, 629 N.W.2d 17 (tolling applies when an inmate has timely requested a copy of the inmate's trust account statement from the Department); **State ex rel. Nichols v. Litscher**, 2001 WI 119, ¶¶8, 24-26, 247 Wis. 2d 1013, 635 N.W.2d 292 (applying similar tolling rules for filing petitions for review with our supreme court).

[10] *See* **State ex rel Susedik v. Knutson**, 52 Wis. 2d 593, 594-97, 191 N.W.2d 23 (1971) (child's father was estopped from asserting the statute of limitations as a defense in a paternity action based on the father's representations and acts following the child's birth, which induced mother to refrain from filing the paternity action within the limitations period); **Wosinski v. Advance Cast Stone Co.**, 2017 WI App 51, ¶¶40-44, 377 Wis. 2d 596, 901 N.W.2d 797 (contractor was equitably estopped from asserting the statute of limitations as a defense in a negligence action, based on facts showing that the company concealed and misrepresented facts

(continued)

applied this doctrine to prevent reliance on the limitations period in WIS. STAT. § 893.735(2). Nor does he address the elements of equitable estoppel, much less whether and how those elements are satisfied based on the facts he alleges in his petition.

¶25 Accordingly, we do not further discuss the doctrine of equitable estoppel. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court need not address undeveloped arguments that are not supported by legal authority). We instead focus our remaining discussion on the equitable tolling doctrine, and whether MacMillan has shown that his filing deadline should be tolled on the basis of the Department's alleged inference with his law library access and institutional mail.

## Library Access

¶26 MacMillan's primary argument in favor of equitable tolling pertains to law library access. He contends that the Department's policies regarding library access violate his constitutional right to meaningful library access, and that his filing deadlines should be tolled as a result.

¶27 This same argument was squarely addressed and rejected in *Tyler*, 257 Wis. 2d 606. In *Tyler*, as in this case, an inmate sought certiorari review of a

---

about the construction and installation of a portion of a parking structure, which eventually caused the structure to collapse); *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1024 (C.D. Cal. 2011) (city police department estopped from relying on the statute of limitations on account of its officers' false testimony about a fatal police shooting, which induced the victim's relatives to refrain from filing an action against the city within the limitations period); *see also DOR v. Moebius Printing Co.*, 89 Wis. 2d 610, 632-35, 279 N.W.2d 213 (1979) (state department of revenue estopped from collecting a tax when the taxpayer relied on department's representation that it would not collect the tax).

Department decision, but his petition was not accepted for filing until after the statutory deadline had already passed. *Id.*, ¶¶1, 5-6. Tyler argued that his filing deadline should have been extended under the "mailbox rule" set forth in *State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, 239 Wis. 2d 327, 620 N.W.2d 409, but we rejected that argument. *Tyler*, 257 Wis. 2d 606, ¶¶1-2, 9-16 (addressing Tyler's arguments concerning the mailbox rule, as defined above). Additionally, and importantly here, Tyler also argued that he was entitled to "special consideration in meeting the filing deadline" due to inadequate legal resources, including library access, in prison. *Id.*, ¶¶1, 17-20. We specifically rejected Tyler's assertion that an alleged deficiency in library access "provides grounds for tolling of the statutory deadline." *Id.*, ¶2.

¶28     MacMillan argues that this holding from *Tyler* is inapplicable here because the *Tyler* court's analysis was limited to the mailbox rule. We disagree. It is true that the *Tyler* court briefly referred to the "mailbox/tolling rule" when addressing Tyler's argument about library access. *See id.*, ¶20. Yet the court also spoke in much broader terms about tolling, and it specifically rejected Tyler's assertion that he was entitled to "special consideration" in the form of "tolling" based on his allegation "that he did not have access to adequate legal resources":

> Finally, we briefly address Tyler's contention that he is entitled to "special consideration in meeting the filing deadline because he was faced with obstacles beyond his control which interfered with the processing of his petition." *He essentially claims that he should be entitled to have the statute tolled because he did not have access to adequate legal resources and assistance at the institution where he is incarcerated. We do not agree that the tolling rule of **Shimkus I** and its progeny may be employed as an ad hoc remedy for alleged inadequacies in prison legal resources.*
>
> We acknowledge that limitations on the access to legal resources and assistance undoubtedly impact the

12

ability of pro se prisoners to properly file legal actions. We also acknowledge that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." To that end, WIS. ADMIN. CODE § DOC 309.155(3) provides that "[e]ach institution, except correctional centers and the Wisconsin [R]esource [C]enter, shall maintain a law library and make legal materials available to inmates at reasonable times and for reasonable periods." Moreover, the Department of Corrections "shall make reasonable efforts to ensure that adequate legal services are available to indigent inmates." Section DOC 309.155(4).

We conclude, however, that inmates' claims that they have been denied the constitutional right of access to the courts, or that the department is not meeting its obligations under … WIS. ADMIN. CODE § DOC 309.155 are appropriately addressed through the Inmate Complaint Review System. The complaint review system permits prisoners to challenge specific violations of their rights and inadequacies in prison conditions or services.…

By contrast, the judicially-created mailbox/tolling rule is far more limited in scope. The rule addresses only the disability inmates are under in meeting statutory filing deadlines because they must rely on the actions of others, who are beyond their control, in submitting necessary documents to the courts. We conclude that the continued vitality of the rule depends on its being confined to serving its intended purpose. The efficacy of the rule depends on the ability of courts to easily resolve factual questions regarding who did what and when in relation to the mailing, receipt and processing of documents intended for court filing. *The rule was not intended to spawn, nor can it support, open-ended inquiries into the adequacy of prison legal resources, or discretionary judgments as to whether certain facts and circumstances warrant relief from statutory deadlines while others do not.*

*Id.*, ¶¶17-20 (emphasis added, some internal citations omitted). Based on this broad language, we conclude that ***Tyler*** specifically rejected the tolling argument that MacMillan advances in this appeal.

13

¶29    MacMillan may be suggesting that reliance on *Tyler* in his cases is misplaced because, consistent with the direction in *Tyler*, he sought review of the Department's library policies through the inmate complaint review system and on certiorari review.  However, those inmate complaints and certiorari petitions are not properly part of the record in this case.  *See* WIS. STAT. § 227.57(1); *see also* ***Roy v. St. Lukes Med. Ctr.***, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 (an appellate court is limited to matters in the record and will not consider any materials in an appendix that are not in the record).  The fact that MacMillan also sought review of the Department's library policy through the proper channels does not mean that, contrary to *Tyler*'s unequivocal holding, he could be entitled to tolling based on an alleged lack of library access.

¶30    Finally, MacMillan also argues that *Tyler*'s proposed remedy of addressing library access issues through the inmate complaint review system is "non-functional as a matter of law."  He explains that the complaint review system is limited to addressing individual grievances, WIS. ADMIN. CODE § DOC § 310.10(5); that judicial review is limited to the agency record, WIS. STAT. § 227.57(1); and that the "practical result" is that, to the extent that the Department succeeds in preventing an inmate from timely petitioning for certiorari review and the inmate responds by challenging the lack of library access through the complaint review system, "the original claims have been lost forever."  Regardless of the merits of this argument, we are bound by the legal conclusions in *Tyler*.  *See* ***Cook v. Cook***, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).

**Mail Interference**

¶31    MacMillan also makes a secondary argument in favor of equitable tolling, which pertains to the Department's alleged interference with his

14

institutional mail. To this end, MacMillan appears to advance one argument that is limited to factual assertions he made in his petition in 22CV1780, and a second much broader argument that is not supported by any facts in the record.

¶32 As for the more limited argument MacMillan appears to be making, his petition in 22CV1780 alleged that, during his second attempt at filing the petition, he sent the documents and a completed disbursement request for the filing fee to the institution mailroom on May 7, 2022, but the mailing was delayed by the Department for nine days before finally being mailed on May 16, 2022, and it was finally received but not filed by the circuit court on May 20, 2022. Even if accepted as true, these facts do not provide a basis for reversing the circuit court's dismissal of his petition in 22CV1780 as untimely. Among other things, tolling of MacMillan's deadline for the time between May 7 and May 20 would not have resulted in a timely filing.[11]

¶33 As for the broader argument in favor of equitable tolling, MacMillan accuses the Department of "interfering [with] and intercepting legal mail directed to [MacMillan] from the outside … with the specific intent of limiting litigation." As support, he cites to documents that he included in the appendix to his appellate briefing, but that are not part of the circuit court record, much less the pertinent agency record. Specifically, these documents pertain to materials that MacMillan filed in other inmate complaints, and Department decisions that are the subject of other certiorari petitions before other branches of the Dane County Circuit Court.

---

[11] At best, even assuming these facts were properly set forth in an affidavit and could be the basis for tolling the deadline, his deadline would be extended by only 13 days. Here, the filing was at least 14 days late as to the last-issued Department decision, and even later as to the Department's decisions on his other inmate complaints.

We will not consider these documents on appeal, *see* **Roy**, 305 Wis. 2d 658, ¶10 n.1; WIS. STAT. § 227.57(1), and we therefore reject MacMillan's argument about Department interference with his mail because it is not supported by the record.[12]

### Dismissal Without a Hearing

¶34    Finally, MacMillan argues that the respective circuit courts erred when they dismissed his petitions sua sponte, without holding a hearing on his arguments about equitable estoppel and tolling. We conclude that dismissal was appropriate because, for the reasons explained above, the petitions were filed more than 45 days after the Department's final decision, and they did not identify any factual issues that required a response or fact finding on the subject of equitable estoppel or tolling. *See* **State ex rel. Schatz v. McCaughtry**, 2003 WI 80, ¶47, 263 Wis. 2d 83, 664 N.W.2d 596 (the sua sponte dismissal of an inmate's certiorari petition pursuant to what is now WIS. STAT. § 802.05(4)(b)4. does not violate due process because the statute provides an inmate with constructive notice of the possibility of a sua sponte dismissal and there are adequate procedural safeguards against erroneous dismissal under the statute).

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[12] MacMillan may be making additional arguments about "various retaliatory conduct" in his reply brief, but he does not direct us to record support for these arguments.